**[J-22-2025] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 12 WAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered July 17, |
| | : | 2023, at No. 619 WDA 2022, |
| v. | : | affirming the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| | : | Allegheny County entered January |
| JAMAR FOSTER, | : | 5, 2022, at No. CP-02-CR-0013992- |
| | : | 2019. |
| Appellant | : | |
| | : | ARGUED: April 9, 2025 |

**DISSENTING OPINION**

**JUSTICE WECHT**                                        **DECIDED: MAY 18, 2026**

I join Justice Donohue's Dissenting Opinion in all respects, save one. I cannot acquiesce in perpetuating the legal fiction that the purported "high crime" character of a neighborhood can (or should) be a relevant factor in a reasonable suspicion or probable cause determination.[1] As I have explained elsewhere,[2] while police investigatory, staffing, patrol, and response decisions may (and routinely do) relate to judgments and

---

[1]     *See* Diss. Op. at 4-5.

[2]     *See Commonwealth v. Lewis*, 343 A.3d 1016, 1054 (Pa. 2025) (Wecht, J., concurring and dissenting) (acknowledging that "[p]olice officers' intuition and experience are properly used every day—indeed every hour and minute—to make choices and decisions about patrol priorities, physical and electronic surveillance, resource allocation, and all manner of other proper law enforcement activities," but explaining that such practices cannot be a substitute for individualized reasonable suspicion that is predicated and developed upon the suspect's conduct, as observed by the law enforcement officer); *see also Commonwealth v. Dobson*, 307 A.3d 612, 625 (Pa. 2024) (Wecht, J., Opinion in Support of Reversal); *Commonwealth v. Galloway*¸ 284 A.3d 870, 875 (Pa. 2022) (Wecht, J., dissenting).

experience concerning incidence of criminal activity in particular areas, such decisions do not equate to individualized reasonable suspicion. Like police judgments and experience concerning crime rates in areas patrolled, technologies like ShotSpotter can form important and useful tools in police investigations. What they cannot do is substitute for the individualized reasonable suspicion that our Constitutions require. The Court should differentiate between investigatory tools and evidentiary requirements.